ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. |
| v. | |
| DEANE SUE PETZEL | 3-20CR0430-E |

# INFORMATION

The United States Attorney Charges:

At all times material to the information:

## Introduction

1.  Ampex Brands, LLC (Ampex) with offices in Richardson, Texas and Cleveland, Ohio, was a franchising company that operated in 13 states with more than 400 stores, including Taco Bell, KFC and Pizza Hut. Ampex purchased Morgan's Foods, Inc. (Morgan's Foods) in 2014. These stores had a high level of employee turnover, requiring constant recruitment efforts to fill many open positions.

2.  During the period from in or about 1998 to 2019, defendant **Deane Sue Petzel** continuously worked for Morgan's Foods and later Ampex in various positions of trust. As a recruiter for both companies, **Petzel** was responsible for recruiting people for mid-level positions including store managers, maintenance, and other positions for Morgan's Foods and Ampex stores in several states. **Petzel** worked remotely from her home in Connellsville, Pennsylvania.

3. When a position needed to be filled, a company executive notified **Petzel**. **Petzel** then placed a job advertisement for the open position in a local paper or on an online recruiting website, such as Indeed or Zip Recruiter. Online job boards required payment upfront before running the advertisement. Per company policy, **Petzel** was required to use her personal credit card to pay the online job board and later submit an expense report to either Morgan's Foods or Ampex with an invoice requesting reimbursement for her prior payment to the job board. Company policy also allowed **Petzel** to personally approve and submit invoices for reimbursement to Morgan's Foods and Ampex on behalf of third party vendors.

Count One
Mail Fraud, Aiding and Abetting
(Violations of 18 U.S.C. §§ 1341 and 2)

At all times material to the information:

**Scheme to Defraud**

4. All of the allegations set forth in the Introduction to the information are hereby adopted, re-alleged, and incorporated by reference into Count One of the Information.

5. Beginning in or about April 2011 and continuing through in or about August 2019, in the Northern District of Texas and elsewhere, defendant **Deane Sue Petzel**, with the intent to defraud, devised the scheme and artifice to defraud to defraud Morgan's Foods and Ampex and to obtain money and property through the use of materially false and fraudulent pretenses, representations, and promises.

6. On or about April 15, 2004, **Petzel** registered a company named Business Jobs with the Pennsylvania Department of State. When **Petzel** registered Business Jobs, **Petzel** listed her personal residence 222 Deerfield Road, Connellsville, Pennsylvania on the application. **Petzel** also listed P.O. Box 216, Leisenring, Pennsylvania as the mailing address of Business Jobs.

7. As part of the scheme, **Petzel** personally approved and submitted to Morgan's Foods and Ampex thousands of Business Jobs fraudulent invoices which falsely represented that Business Jobs was a third party vendor that performed recruiting services at **Petzel's** request.

8. It was part of the scheme to defraud that on or about April 15, 2011, **Petzel** opened a business bank account in the name of **Deane Petzel**, dba Business Jobs at Citizens Bank in Pennsylvania. During the period from on or about May 2011 to January 2019, **Petzel** fraudulently deposited into this account 736 checks from Morgan's Foods and Ampex Brands. All Morgan's Foods and Ampex checks deposited into this account were payable to "Business Jobs." **Petzel** was the sole owner and signer on this account.

9. It was part of the scheme to defraud that on or about January 8, 2019, **Petzel** opened a second business bank account in the name of Business Jobs at Somerset Trust Company in Somerset, Pennsylvania. During the period from January 8, 2019 to August 5, 2019, **Petzel** deposited 261 checks from Morgan's Foods and Ampex into this account. All checks were payable to "Business Jobs." **Petzel** was the sole owner and signer on this account.

10. It was part of the scheme to defraud that on or about August 6, 2019, **Petzel** was questioned by Ampex executives about her true relationship to Business Jobs. During this conversation, **Petzel** falsely represented that Business Jobs was an independent vendor which actually performed recruiting services. **Petzel** also falsely denied her true relationship with Business Jobs.

11. As a result of this scheme from on or about May 4, 2011 through August 5, 2019, **Petzel** deposited 997 checks totaling over $2.6 million as part of Petzel's scheme to embezzle funds from Morgan's Foods and Ampex. In furtherance of this scheme to

defraud, **Petzel** caused all 997 checks to be delivered to her via the United States Postal Service.

**Execution of the Scheme to Defraud**

12. On or about July 24, 2019, in the Northern District of Texas and elsewhere, defendant **Deane Sue Petzel**, for the purpose of executing the scheme to defraud alleged herein, and attempting to do so, did knowingly cause the United States Postal Service to deliver an envelope, by and through facilities located in the Northern District of Texas, according to the directions thereon, sent by Ampex Brands, LLC, located in Richardson, Texas, and addressed to Business Jobs, located in Leisenring, Pennsylvania, which envelope contained a $2,000 check issued by Ampex Brands, LLC and payable to Business Jobs, which represented a reimbursement payment by Ampex Brands, LLC, in response to **Petzel's** fraudulent request for reimbursement based on several false and fraudulent Business Jobs invoices.

In violation of 18 U.S.C. §§ 1341 and 2.

Forfeiture Notice
18 U.S.C. § 981

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of Count One, the defendant, **Deane Sue Petzel**, shall forfeit to the United States, any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, from gross proceeds traceable to the commission of Count One.

Specifically, upon conviction of the offense alleges in Count One, **Deane Sue Petzel**, shall forfeit property including, but not limited to:

**The real property known as 222 Deerfield Lane, Connellsville, Pennsylvania (Fayette County),** more specifically described as, all that certain piece, parcel, or tract of land situate in Dunbar Township, Fayette County, Pennsylvania, know and designated as Lot No. 16 on the revised Shoemaker Plan No. 6, which Plan of Lots is recorded in the Office of the Recorder of Deeds of Fayette County, Pennsylvania, in Plan Book Volume 62 page 15.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be divided without difficulty,

The United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DAVID L. JARVIS
Assistant United States Attorney
Texas Bar No. 10585500
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8729
Facsimile: 214-659-8812
david.jarvis@usdoj.gov